**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEPHEN OTTO REITZ,

        Petitioner - Appellant,

  v.

CHARLES HARRISON, Warden,

        Respondent - Appellee.

No. 08-56858

D.C. No. 2:07-cv-01119-ABC-JTL

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief District Judge, Presiding

Submitted December 10, 2010[**]
Pasadena, California

Before: TROTT, WARDLAW, and IKUTA, Circuit Judges.

The state appellate court's denial of Reitz's claim that the trial court violated his due process rights by limiting the testimony of his expert witnesses was not contrary to nor an unreasonable application of Supreme Court precedent.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Defendants do not have an absolute right to present evidence relevant to their defense, *see Crane v. Kentucky*, 476 U.S. 683, 690–91 (1986), and the state court neither invoked a "per se" evidentiary rule, *see Rock v. Arkansas*, 483 U.S. 44, 56–57, 62 (1987), nor so drastically limited Reitz's ability to examine his expert witnesses as to raise due process concerns, *see Chambers v. Mississippi*, 410 U.S. 284, 302 (1973).

The state court's denial of Reitz's Confrontation Clause claim was not contrary to nor an unreasonable application of Supreme Court precedent. Here, none of the casual remarks by Eva to friends and family were "testimonial" within the meaning of *Crawford v. Washington*, 541 U.S. 36, 51–52 (2004), or *Davis v. Washington*, 547 U.S. 813, 822 (2006), because the remarks were not made "under circumstances which would lead an objective witness reasonably to believe that [they] would be available for use at a later trial," *Parle v. Runnels*, 387 F.3d 1030, 1037 (9th Cir. 2004) (quoting *Crawford*, 541 U.S. at 52) (internal quotation marks omitted).

The state court's denial of Reitz's claim that the admission of six hearsay statements by the victim violated his due process rights under the Fourteenth Amendment was not contrary to nor an unreasonable application of Supreme Court precedent. The hearsay statements were cumulative of other testimony and did not

"render[ ] the trial so fundamentally unfair as to violate due process." *Randolph v. California*, 380 F.3d 1133, 1147 (9th Cir. 2004) (quoting *Windham v. Merkle*, 163 F.3d 1092, 1103 (9th Cir. 1998)) (internal quotation marks omitted). Even if the admission of such statements was a state law error, such an error cannot, on its own, support the granting of habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

**AFFIRMED**.